O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO LEMUS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 13-2212 RNB<br><br>ORDER AFFIRMING DECISION OF<br>COMMISSIONER |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

**A.** **<u>Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination with respect to plaintiff's</u>**

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**subjective symptom testimony (Disputed Issue One).**

Disputed Issue One is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective symptom testimony. (See Jt Stip at 3-14.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton standard," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

Here, plaintiff testified at the administrative hearing that he cannot work because of a seizure disorder that usually resulted in seizures once or twice per month. (See AR 37.) Plaintiff also testified that the seizures varied in intensity, sometimes occurred one after the other, and increased in frequency with added work stress such as changes in his shift and additional work hours. (See AR 40, 43.) Plaintiff also testified that he was limited to sitting for one to four hours and standing for two to three hours, and that he had problems with seeing, hearing, and remembering. (See AR 41-43.)

In addition to testifying at the hearing, plaintiff completed a "Pain Questionnaire" stating that he experienced pain behind his right ear, that he experienced head pain approximately every two weeks, that the pain was brought on by not sleeping well or working overtime, and that he was able to walk for half a mile and had no difficulties with standing or sitting. (See AR 176-78.) Plaintiff also completed a "Seizure Questionnaire" stating that he has had seizures for at least 20

years; that he lost consciousness, had convulsions, bit his tongue, and lost bladder control with his seizures; that the seizures typically lasted 3-5 minutes; that he felt weak and tired after a seizure; that he was able to resume normal activities 24 hours after a seizure; and that he took medication, but it did not control the seizures completely. (See AR 202-04.)

The ALJ found that plaintiff's "allegations concerning the intensity, persistence, and limiting effects of his symptoms [were] less than fully credible." (See AR 15.) In support of this adverse credibility determination, the ALJ proffered three reasons.

The first stated reason was that plaintiff's allegations were "greater than expected in light of the objective evidence of record." (See AR 15.) In this regard, the ALJ specifically found that the medical record "documented minimal objective findings," "conservative care," and "a decrease in [plaintiff's] seizure activity once he began treatment with a neurologist." (See AR 15.) Preliminarily, the Court notes that plaintiff has not even purported to dispute the ALJ's findings that the medical record documented minimal objective findings and conservative care. Rather, plaintiff merely contends that the ALJ's first stated reason in support of his adverse credibility determination was not legally sufficient because lack of medical corroboration "in and of itself" is insufficient to reject plaintiff's subjective symptom testimony. (See Jt Stip at 6.) However, the ALJ did not rely on this reason alone; rather, the lack of objective evidence to substantiate plaintiff's claims was just one of multiple reasons. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.") Moreover, the Court finds that substantial evidence supports the ALJ's finding that plaintiff's seizures steadily decreased after he saw a neurologist and then regularly saw a physician who monitored his medication. (See AR 17; see also AR 303, 325, 327, 329, 331, 333, 335, 387.) Accordingly, the Court finds that the ALJ's first stated

3

reason was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment); Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (ALJ's adverse credibility determination properly accounted for physician's report of improvement with use of medication); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (ALJ may consider whether treatment produced fair response or control of pain that was satisfactory).

Second, the ALJ noted that the record reflected that plaintiff was cleared for work as long as he avoided the graveyard shift. (See AR 16; see also AR 237.) The Court finds that this second stated reason also was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001) (ALJ properly rejected pain testimony where treating physician released claimant for return to light duty work); Crane v. Shalala, 76 F.3d 251, 253-54 (9th Cir. 1996) (treating physician's opinion that claimant was fully employable may alone constitute substantial evidence); see also Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (ALJ properly rejected pain complaints where no physician who examined claimant expressed the opinion that he was totally disabled); Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (treating physician's opinion that "I do not feel that the patient is totally permanently disabled" was entitled to substantial weight).

Third, the ALJ noted that plaintiff was able to perform daily activities that involved tasks similar to those necessary for employment: caring for his four-year old son, going out alone, shopping, and doing household chores. (See AR 16; see also AR 37, 193-94, 196.) In particular, the ALJ noted plaintiff's ability to assume the physical and emotional demands of caring for a young child. (See AR 16.) The

Court finds that this third stated reason also was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. <u>See</u> <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001) (ALJ's adverse credibility determination was supported by substantial evidence where claimant's daily activities included caring for her children's needs and leaving the house daily for appointments and shopping); <u>Morgan</u>, 169 F.3d at 600 (same where claimant's daily activities included fixing meals, washing laundry, working in yard, and occasionally caring for friend's child); <u>see also</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 959 (9th Cir. 2002) (same where claimant's daily activities included various household chores such as cooking, laundry, washing dishes, and shopping).

Accordingly, the Court finds that reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination with respect to plaintiff's subjective symptom testimony.

**B.  Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination with respect to the lay witness testimony (Disputed Issue Two).**

Disputed Issue Two is directed to the ALJ's adverse credibility determination with respect to the lay witness testimony of plaintiff's wife, Mrs. Lemus. (<u>See</u> Jt Stip at 14-17.)

The law is well-established in this Circuit that lay witness testimony as to how a claimant's symptoms affect the claimant's ability to work is competent evidence and cannot be disregarded without providing specific reasons germane to the testimony rejected. <u>See, e.g.</u>, <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1467 (9th Cir. 1996); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288-89 (9th Cir. 1996); <u>Dodrill v. Shalala</u>, 12 F.3d 915, 919 (9th Cir. 1993).

Here, Mrs. Lemus completed a "Function Report – Adult – Third Party" describing how plaintiff's seizure disorder affected his activities. (<u>See</u> AR 180-87.)

Mrs. Lemus wrote that plaintiff was able to shop for himself, go to the park to paint, do some housework, and care for their four-year-old child while she was at work. (See AR 180-81.) Mrs. Lemus also wrote that plaintiff had a hard time keeping up during conversations and had limited mobility. (See AR 185.)

The ALJ found Mrs. Lemus's statements "not credible" for four reasons. (See AR 16.)

First, the ALJ noted that the statements were not given under oath. (See AR 16.) The Court finds that this first stated reason was **not** a legally sufficient reason on which the ALJ could properly rely to find Mrs. Lemus's statements not credible. The Ninth Circuit has held that unsworn lay statements, such as letters from friends and family describing a claimant's abilities, constitute competent evidence that an ALJ must properly consider. See Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1052, 1053 (9th Cir. 2006) (ALJ was required to consider letter from claimant's brother-in-law); Schneider v. Commissioner of Social Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000) (ALJ was required to consider five letters from claimant's ex-employers and friends).

Second, the ALJ noted that Mrs. Lemus was "not a medical professional" and as a lay witness was "not competent to make a diagnosis or argue the severity of the claimant's symptoms in relationship to his ability to work." (See AR 16.) The Court finds that this generic reason also was **not** a legally sufficient reason on which the ALJ could properly rely to find Mrs. Lemus's statements not credible. A lay witness's lack of medical training does not render her incompetent to proffer a probative opinion about the severity of a claimant's impairments and his ability to work. See Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009) ("A lay person, . . . though not a vocational or medical expert, was not disqualified from rendering an opinion as to how [a claimant]'s condition affects his ability to perform basic work activities."); 20 C.F.R. §§ 404.1513(d)(4) and 416.913(d)(4) (evidence provided by lay witnesses may be used to show "the severity of [a claimant]'s impairment(s) and

how it affects [the claimant]'s ability to work").

Third, the ALJ noted that the medical evidence "as discussed more thoroughly below does not support her statements."[2] (See AR 16.) As indicated above, the medical evidence specifically discussed by the ALJ included medical evidence reflecting (a) that plaintiff was released by his physician to work so long as he avoided the graveyard shift, and (b) that plaintiff's seizure activity decreased once he began treatment with a neurologist. The Court finds that this third stated reason did constitute a legally sufficient reason on which the ALJ could properly rely to find that Mrs. Lemus's statements were not credible because the Ninth Circuit has held that inconsistency with medical evidence constitutes a legitimate reason for discrediting the testimony of lay witnesses. See Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984); see also Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005); Lewis, 236 F.3d at 511.[3]

---

[2] An ALJ may dismiss lay witness testimony with germane reasons supported by evidence discussed "at other points in his decision" even if the ALJ "did not clearly link his determination to those reasons." See Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001).

[3] The Court is mindful that the Ninth Circuit also has held that it is error for the ALJ to reject the testimony of family members because the claimant's medical records did not corroborate their statements about the claimant's alleged symptoms and pain. See Smolen, 80 F.3d at 1289; see also Taylor v. Comm'r of Social Sec. Admin., 659 F.3d 1228, 1234 (9th Cir. 2011); Bruce, 557 F.3d at 1116. Courts have reconciled these two lines of cases by concluding that an ALJ may reject lay testimony that is affirmatively inconsistent with the medical evidence (under the Vincent line of cases), but that the ALJ may not reject lay testimony merely because of lack of objective medical support (under the Smolen line of cases). See Rivera v. Colvin, 2013 WL 6002445, at *2-*4 (D. Or. Nov. 12, 2013) (explaining that an ALJ may reject lay witness testimony based on "affirmative contradictory evidence in the medical record, not absence of supporting evidence"); see also Grisel v. Colvin, 2014 WL 1315894, at *14 (C.D. Cal. Apr. 2, 2014); Atwood v. Astrue, 742 F. Supp. 2d 1146, 1152 (D. Or. 2010); Staley v. Astrue, 2010 WL 3230818, at *19 (W.D. Wash.

Finally, the ALJ noted that Mrs. Lemus's statements were "of the same general nature as the subjective complaints from [plaintiff's] testimony." (See AR 16.) Accordingly, to the extent that Mrs. Lemus's statements were of the same general nature as the subjective complaints from plaintiff's testimony (compare AR 37, 42 with AR 180, 185), the Court finds that the ALJ's legally sufficient reasons for rejecting plaintiff's subjective symptom testimony also constituted legally sufficient reasons for rejecting Mrs. Lemus's lay witness statements. See Valentine v. Commissioner, Social Sec. Admin., 475 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ gave germane reasons for rejecting her testimony."); see also Molina v. Astrue, 674 F.3d 1104, 1122 (9th Cir. 2012) (even where ALJ completely failed to discuss lay witness testimony, "given that the lay witness testimony described the same limitations as Molina's own testimony, . . . the ALJ's reasons for rejecting Molina's testimony apply with equal force to the lay testimony").

In conclusion, the Court finds that, even if two of the ALJ's four stated reasons in support of his adverse credibility determination with respect to Mrs. Lemus's lay witness statements were not legally sufficient, the error was harmless because the ALJ's remaining two reasons and ultimate adverse credibility determination were supported by substantial evidence. See Valentine, 574 F.3d at 694 (ALJ's improper rejection of testimony of claimant's wife because she was an interested party who never saw claimant at work was harmless error because there were other germane reasons for rejecting her testimony); Williams v. Astrue, 493 Fed. Appx. 866, 869

---

July 27, 2010). Here, the Court finds that the Vincent line of cases is controlling because, notwithstanding the ALJ's phrasing (in which he stated the medical evidence "does not support" Mrs. Lemus's statements), the ALJ referenced affirmative inconsistencies between Mrs. Lemus's testimony and the medical evidence.

(9th Cir. 2012) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (where ALJ provided germane reason to discredit lay opinion, "under <u>Valentine</u> the ALJ properly discredited their testimony and the other improper reasons cited by the ALJ for discrediting their lay opinions were harmless.").

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: <u>August 15, 2014</u>

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE